UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WILBERT BRUNO, ET AL. | CIVIL ACTION NO. 6:17-cv-00511 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Currently pending is the Rule 12(b)(1) motion to dismiss for lack of jurisdiction, which was filed by the defendant, the United States of America. (Rec. Doc. 7). The motion is unopposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED.

### Background

This medical malpractice lawsuit was brought by the surviving husband and children of Lucille Bruno. They claim that Mrs. Bruno sought treatment at Southwest Primary Healthcare in Opelousas, Louisiana, with regard to a lump in her breast and was seen by nurse Debbie Vidrine at that facility. They claim that Mrs. Bruno died as a result of breast cancer because Nurse Vidrine and Southwest Primary Healthcare failed to promptly send her for diagnostic testing and failed to promptly diagnose her breast cancer.

The plaintiffs alleged that Southwest Primary Healthcare is a federal healthcare facility owned and operated by the United States. The defendant represented in its briefing that the plaintiffs' claims are governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233.

An administrative claim in Mrs. Bruno's name only was filed with the Department of Health and Human Services ("the Department") on April 26, 2016, and that claim was denied on February 6, 2017. (Rec. Doc. 7-3 at 2). A second administrative claim was presented to the Department on behalf of the plaintiffs, in which they asserted their own claims for Mrs. Bruno's wrongful death and a survival action on behalf of Mrs. Bruno, on April 17, 2017. (Rec. Doc. 7-3 at 2). Their claims were presented to the Department after this lawsuit was filed on April 10, 2017. (Rec. Doc. 1). As of the filing of the instant motion, the government had not yet acted on the second administrative claim. (Rec. Doc. 7-3 at 2).

The defendant contends that the plaintiffs' complaint should be dismissed for lack of subject-matter jurisdiction because the plaintiffs failed to exhaust their administrative remedies before filing suit.

## Analysis

A.  **The Standard for Resolving a Ruler 12(b)(1) Motion**

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss claims for which the court lacks subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[1] A lack of subject matter jurisdiction may be found based on the content of the complaint alone, based on the complaint supplemented by undisputed facts in the record, or based on the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[2] However, in resolving a motion to dismiss for lack of subject-matter jurisdiction, the court must accept all factual allegations in the plaintiff's complaint as true.[3]

B.  **The Court Lacks Subject-Matter Jurisdiction**

A lawsuit cannot be filed against the United States under the FTCA unless (a) the claimant presented the claim to the appropriate federal agency and (b) the claim was finally denied – either by the agency denying the claim in writing or six months

---

[1] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)).

[2] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[3] *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

having elapsed without a written denial being mailed to the claimant.[4]  When these requirements are not met before a suit is filed, the claim has not been administratively exhausted.[5]  The court's subject-matter jurisdiction over FTCA claims is conditioned upon a plaintiff's compliance with these statutory requirements.  Thus, exhaustion of the administrative remedy found in 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to suit.[6]  In other words, the court lacks subject-matter jurisdiction over a claim brought under the FTCA if the plaintiff failed to exhaust his administrative remedies before filing suit.

The FTCA requires each person asserting a claim to present his or her own claim to the applicable government agency before filing suit.[7]  Additionally, a wrongful death claim cannot be asserted under the FTCA before the decedent's death.[8]  In this case, Mrs. Bruno's individual claim was presented to the Department on April 26, 2016.  (Rec. Doc. 7-3 at 2).  She allegedly passed away on December 7,

---

[4]     28 U.S.C. § 2675(a).

[5]     *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

[6]     See, e.g., *Baker v. McHugh*, 672 Fed. App'x 357, 362 (5th Cir. 2016); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995); *Cook v. United States on Behalf of U.S. Dept. of Labor*, 978 F.2d 164, 166 (5th Cir. 1992).

[7]     *Walker v. United States*, 471 F.Supp. 38, 142 (M.D. Fla. 1978), *affirmed*, 597 F.2d 770 (5th Cir. 1979).

[8]     *Waggoner v. United States*, 95 Fed. App'x 69, 70-72 (5th Cir. 2004); *Thomas v. United States*, No. 04-0114, 2005 WL 757268 at *7 n. 13 (E.D. La. Mar. 31, 2005).

2016. (Rec. Doc. 1 at 9). Accordingly, the first administrative claim could only have been for damages that she personally sustained prior to her death. In this lawsuit, however, which was filed after Mrs. Bruno died but before the plaintiffs presented their own claims to the Department, the plaintiffs asserted claims for her wrongful death and also asserted a survival action. Additionally, at the time that the suit was filed, the Department had denied only Mrs. Bruno's individual pre-death claim, and no final denial of the plaintiffs' claims had yet occurred. Thus, the plaintiffs did not satisfy either of the procedural requirements of Section 2675(a) before filing suit and consequently did not exhaust their administrative remedies before filing suit.

## Conclusion

Because the plaintiffs failed to exhaust their administrative remedies before filing this lawsuit, the court lacks subject-matter jurisdiction over the plaintiffs' claims. Accordingly, this Court recommends that the defendant's motion to dismiss be GRANTED and further recommends that the plaintiffs' claim be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on this 5th day of March 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE